IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

GEORGE UZICE,

    Plaintiff,

Civil Action File Number:

vs.

UNITED STATES OF AMERICA,

    Defendant.
_____/

## COMPLAINT

The Plaintiff, GEORGE UZICE, by and through the undersigned counsel, now sues the Defendant, UNITED STATES OF AMERICA (hereinafter referred to as UNITED STATES"), and alleges as follows:

## GENERAL ALLEGATIONS

1. This action arises under the Federal Tort Claims Act, 28 USC § 2671 *et seq.*, and this Court has jurisdiction under the provisions of 28 USC § 1346(b), *et seq.*

2. The cause of action on which this action is based arose in Surfside, Miami-Dade County, Florida, in the Southern District of Florida. Thus, venue is properly laid in this Court.

3. Plaintiff GEORGE UZICE is a citizen and resident of Miami-Dade County, Florida within the Southern District of Florida.

4. The United States Post office is an agency of the Defendant, UNITED STATES.

5. All conditions precedent to maintaining this action before this Court have been satisfied.

6. On or about June 26, 2008, Plaintiff GEORGE UZICE was driving his motorcycle when, at the time, he was stuck by, Bernard T. Cousens, an employee and/or agent of the United States Post Office ["USPO"], and agency of Defendant, UNITED STATES.

7. At all times material, Bernard T. Cousens was acting within the course and scope of his employment with the USPO, an agency of the Defendant, UNITED STATES.

8. At all times material, Bernard T. Cousens operated the certain vehicle with the express or implied permission of its owner, the USPO, an agency of Defendant, UNITED STATES.

9. At all times material, the USPO, an agency of Defendant, UNITED STATES, was the owner of the vehicle operated by Bernard T. Cousens and involved in this incident.

10. The USPO's above mentioned motor vehicle held License Number 8221831 and vehicle identification number 2FTDA54U9WBA45194.

11. On June 26, 2008, USPO employee, Bernard T. Cousens, operated or maintained the USPO's motor vehicle so that it collided with Plaintiff GEORGE UZICE's motorcycle at or near the intersection of Abbott Avenue and 90 Street in Surfside, Miami-Dade County, Florida.

12. As a direct and proximate result of the incident described above, Plaintiff has sustained the following past and future damages, including the following:

    a. Bodily injury;

    b. Great physical pain and suffering;

    c. Loss of capacity to lead and enjoy a normal life;

    d. Inconvenience;

    e. Physical impairment;

    f. Disfigurement and scarring;

    g. Mental anguish;

    h. Loss of or diminution of earning or earning capacity;

    i. Aggravation of an existing disease or physical defect;

    j. Permanent injury within a reasonable degree of medical probability;

    k. Medical and related expenses, past and future, incurred in seeking a cure for his injuries.

## COUNT I: NEGLIGENCE
(GEORGE UZICE v U.S.)

13. Plaintiff GEORGE UZICE hereby re-alleges and incorporates herein paragraphs one (1) through twelve (12) of the General Allegations as if fully set forth herein.

14. On June 26, 2008, while Plaintiff GEORGE UZICE was driving his motorcycle traveling Northbound on Abbott Avenue from 90 Street, Surfside, Miami-Dade County, Florida, Bernard T. Cousens, believed to be an agent and/or Federal employee, acting within the course and scope of his employment with the USPS, struck the motorcycle of Plaintiff GEORGE UZICE, who sustained serious permanent, ongoing injuries.

15. Bernard T. Cousens was negligent in failing to keep a proper lookout and failing to take, or attempt to take, reasonable avoidance action, or any avoidance action whatsoever, as he was making a turn and struck the motorcycle driven by Plaintiff GEORGE UZICE, and he otherwise failed to act prudently under the circumstances, all of which negligence and carelessness constituted the proximate cause of the incident.

16. In addition to various other severe and permanent injuries, Plaintiff GEORGE UZICE underwent procedures for irrigation and debridement of right open ankle and dorsal foot wound with ligation of lacerated dorsalis pedis artery and an open reduction, internal fixation of right

distal fibular fracture and open reduction, internal fixation of syndesmosis resulting in the insertion of a rod and cortical screws in his right leg, which later broke and will likely require future surgery. All these conditions are permanent, progressive and were proximately caused by the negligence of Bernard T. Cousens, a USPO agent or employee of the UNITED STATES. There are other injuries necessitating ongoing care to this date and into the future.

17. As a proximate result of these injuries, Plaintiff GEROGE UZICE has endured and will continue to endure, great pain and suffering, mental anguish, and all other damages cognizable pursuant to the Federal and Florida law, not pre-empted by Federal Statute or regulation.

18. Plaintiff has satisfied all conditions precedent to bringing this action under the Federal Tort Claims Act. Specifically, notice of the injuries described in this complaint was provided to the United States Postal Service on April 23, 2010 and again on May 7, 2010, copies of which, without enclosures, are attached to this complaint as **Composite Exhibit A**.

19. A written denial was issued by the United States Postal Service on June 9, 2011, a copy of which is attached to this complaint as **Exhibit B**.

## CONCLUSION

***WHEREFORE***, Plaintiff GEORGE UZICE seeks relief pursuant to all remedies cognizable pursuant to the Federal Tort Claims Act, a trial on all issues, damages, costs, attorney fees, and such other relief to which the Plaintiff may be justly entitled.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 24th day of October, 2011, I presented the foregoing to the Clerk of Court for filing and uploading to the CM/ECF system. I further certify that a true and correct copy of the foregoing item and the notice of electronic filing has been furnished by a Court Appointed process server to Wifredo A. Ferrer, United States Attorney for the Southern District of Florida, Miami Division, for the Defendant, United States of America, and by registered certified mail to the following non-CM/ECF participants:

Office of the Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Room B103
Washington, DC 20530-0001

By: /s/ Mark Blumstein
Mark Blumstein
Fla. Bar No.: 90700
Attorney for Plaintiff
19495 Biscayne Blvd., Suite 302
Aventura, Florida 33180
Tel: 786-514-1604
Fax: 305-935-9710
Email: mark@blumsteinlaw.com

# EXHIBIT A

**THE
BLUMSTEIN
LAW FIRM**

Mark Blumstein, Esquire
Phone: (305) 356-7547
E-Mail: mark@blumsteinlaw.com

April 23, 2010
*Via Certified U.S. Mail*

**Certified No.: 7002 0860 0002 0967 8131**
U.S. Postal Service
Chief Counsel, National Tort Center
P.O. Box 66640
Washington, DC 20004

      Re:    *Uzice, George v. USA*
               Claim for Damage and Injury
               Date of Loss ("DOL"): June 26, 2008

Dear Sir or Madam:

This firm represents Mr. George Uzice (hereafter "Claimant") as it pertains to the above referenced claim. In support of the claim, please find enclosed for your review and consideration the following documents:

1. SF 95 – Claim for Damage, Injury, or Death executed by Claimant;

2. Miami-Dade Fire Rescue Report pertaining to Claimant's DOL;

3. Florida Traffic Crash Report Long Form pertaining to Claimant's DOL; and

4. Claimant's medical records pertaining to DOL.

**Summary of Incident**

Claimant resides in the single family home section of Surfside, Miami-Dade County, Florida where he has resided since the 1990s. On June 26, 2008, at approximately 10:30 a.m., Claimant left his home at 8911 Hawthorne Avenue, Surfside, Miami-Dade County, Florida 33154 on his motorcycle riding around town. After heading East on 89th Street, he turned North on Abbott Avenue where he encountered a United State Postal Service (hereafter "USPS") vehicle, all the while in the single family home section of Surfside, Miami-Dade County, Florida. The USPS vehicle was heading North on Abbott Avenue and was traveling at a slow rate of speed following which Claimant signaled to pass the USPS vehicle to its left. Thereafter, the operator of the USPS vehicle, who was unknown to Claimant at the time, began to turn to the left and into Claimant's motorcycle causing Claimant to crash while attempting to avoid a more severe collision with the USPS vehicle.

U.S. Postal Service
April 23, 2010
Page 2

On the DOL, Claimant was initially transported to Mount Sinai Medical Center via Miami-Dade Fire Rescue, but was immediately forwarded to the Ryder Trauma Center at Jackson Memorial Hospital (hereafter "JMH") due to the "seriousness of the injury." Claimant was treated at JMH for injuries, including a "[r]ight medial open ankle joint with large dorsal foot wound and a closed distal fibular fracture with syndesmotic disruption." On the DOL, Claimant underwent surgery resulting in the insertion of a plate and screws into his body. He continued to treat with medical providers at JMH. On or about December 17, 2008, Claimant was informed by medical providers at JMH that at least one of the screws in his body was broken, which may require additional and future surgery to correct the problem.

Further, please be advised that the motorcycle driven by the Claimant has been preserved and is available for inspection on mutually agreeable terms at Claimant's residence.

Please consider the foregoing in adjudicating this demand. I remain available to discuss the case with you at your convenience. I look forward to hearing from you soon.

Respectfully Submitted,

**THE BLUMSTEIN LAW FIRM**

Mark Blumstein

Enclosures

(1) Form SF 95
(2) Miami-Dade Fire Rescue Report
(3) State of Florida Traffic Crash Report
(4) Claimant's Medical Records

Cc:   File

**THE
BLUMSTEIN
LAW FIRM**

Mark Blumstein, Esquire
Phone: (305) 356-7547
E-Mail: mark@blumsteinlaw.com

May 7, 2010
*Via Certified U.S. Mail*

Certified No.: **7002 0860 0002 0967 8148**

Chief Counsel, National Tort Center
U.S. Postal Service
P.O. Box 66640
St. Louis, MO 63141-0640

Re: *Uzice, George v. USA*
Claim for Damage and Injury
Date of Loss ("DOL"): June 26, 2008

Dear Sir or Madam:

This firm represents Mr. George Uzice (hereafter "Claimant") as it pertains to the above referenced claim. In support of the claim, please find enclosed for your review and consideration the following documents:

1. SF 95 – Claim for Damage, Injury, or Death executed by Claimant;

2. Miami-Dade Fire Rescue Report pertaining to Claimant's DOL;

3. Florida Traffic Crash Report Long Form pertaining to Claimant's DOL; and

4. Claimant's medical records pertaining to DOL.

**Summary of Incident**

Claimant resides in the single family home section of Surfside, Miami-Dade County, Florida where he has resided since the 1990s. On June 26, 2008, at approximately 10:30 a.m., Claimant left his home at 8911 Hawthorne Avenue, Surfside, Miami-Dade County, Florida 33154 on his motorcycle riding around town. After heading East on 89th Street, he turned North on Abbott Avenue where he encountered a United State Postal Service (hereafter "USPS") vehicle, all the while in the single family home section of Surfside, Miami-Dade County, Florida. The USPS vehicle was heading North on Abbott Avenue and was traveling at a slow rate of speed following which Claimant signaled to pass the USPS vehicle to its left. Thereafter, the operator of the USPS vehicle, who was unknown to Claimant at the time, began to turn to the left and into Claimant's motorcycle causing Claimant to crash while attempting to avoid a more severe collision with the USPS vehicle.

U.S. Postal Service
May 7, 2010
Page 2

On the DOL, Claimant was initially transported to Mount Sinai Medical Center via Miami-Dade Fire Rescue, but was immediately forwarded to the Ryder Trauma Center at Jackson Memorial Hospital (hereafter "JMH") due to the "seriousness of the injury." Claimant was treated at JMH for injuries, including a "[r]ight medial open ankle joint with large dorsal foot wound and a closed distal fibular fracture with syndesmotic disruption." On the DOL, Claimant underwent surgery resulting in the insertion of a plate and screws into his body. He continued to treat with medical providers at JMH. On or about December 17, 2008, Claimant was informed by medical providers at JMH that at least one of the screws in his body was broken, which may require additional and future surgery to correct the problem.

Further, please be advised that the motorcycle driven by the Claimant has been preserved and is available for inspection on mutually agreeable terms at Claimant's residence.

Please consider the foregoing in adjudicating this demand. I remain available to discuss the case with you at your convenience. I look forward to hearing from you soon.

Respectfully Submitted,

**THE BLUMSTEIN LAW FIRM**

Mark Blumstein

Enclosures

(1) Form SF 95
(2) Miami-Dade Fire Rescue Report
(3) State of Florida Traffic Crash Report
(4) Claimant's Medical Records

Cc:   File

# EXHIBIT B

LAW DEPARTMENT
NATIONAL TORT CENTER


*UNITED STATES*
*POSTAL SERVICE*

CERTIFIED MAIL #: 7000 0520 0017 5082 8973
RETURN RECEIPT REQUESTED

June 9, 2011

Mark Blumstein, Esq.
The Blumstein Law Firm
One Turnberry Place
19495 Biscayne Blvd, Ste 302
Aventura, FL 33180

Re:   Your Client:        George Uzice
      Date of Incident:   June 26, 2008
      USPS Case #:        NT201024513

Dear Mr. Blumstein:

This is in reference to the administrative claim you filed on behalf of your above-referenced client under the provisions of the Federal Tort Claims Act, as a result of injuries allegedly sustained on or about June 26, 2008, in Miami Beach, Florida.

The Postal Service is not legally obligated to pay all losses which may occur, but only those caused by the negligent or wrongful act or omission of an employee acting in the scope of his/her employment. We are guided in our determination by all the information available to us, including the reports of our personnel and any other persons acquainted with the facts.

As to the incident at issue, an investigation of this matter failed to establish a negligent act or omission on the part of the U.S. Postal Service or its employees. In fact, our investigation revealed that this accident was caused by Mr. Uzice's attempt to pass the Postal vehicle as it was in the middle of making a turn. As you know, this is the same conclusion reached by the investigating officer, who issued Mr. Uzice citations for careless driving and operating a motorcycle without a proper endorsement. While we regret any injury that may have occurred, we cannot accept legal liability for the damages. Accordingly, your client's claim is hereby denied.

In accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), if dissatisfied with the Postal Service's final denial of an administrative claim, a claimant may file suit in a United States District Court no later than six (6) months after the date the Postal Service *mails* the notice of that final action. Accordingly, any suit filed in regards to this denial must be filed no later than six (6) months from the date of the mailing of this letter, which is the date shown above. Further, note the United States of

P. O. BOX 66640
ST. LOUIS, MO 63141-0640
TEL: 314/872-5120
FAX: 314/872-5193

- 2 -

America is the only proper defendant in a civil action brought pursuant to the Federal Tort Claims Act and such suit may be heard only by a federal district court.

Alternatively, and in accordance with the regulations set out at 39 C.F.R. 912.9(b), prior to the commencement of suit and prior to the expiration of the six (6) month period provided in 28 U.S.C. § 2401(b), a claimant, his duly authorized agent, or legal representative, may file a written request for reconsideration with the postal official who issued the final denial of the claim. Upon the timely filing of a request for reconsideration, the Postal Service shall have six (6) months from the date of filing in which to make a disposition of the claim and the claimant's option under 28 U.S.C. § 2675(a) shall not accrue until six (6) months after the filing of the request for reconsideration.

A request for reconsideration of a final denial of a claim shall be deemed to have been filed when received in this office.

Sincerely,

*William D. Glenn*

William D. Glenn
Tort Claims Examiner/Adjudicator
Phone (314) 872-5166
Fax (314) 872-5193

cc: Walter A. Dobson
    Tort Claim Coordinator
    File No. 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A